1  Michael N. Sofris, Esq. [CA SBN 170018]
2  Action Legal Team
   13920 Northwest Passage, #304 Marina
3  del Rey, Ca 90292
4  (310) 229-4505
5  michaelsofris@gmail.com

6  Attorney for Plaintiff Clear View Enterprises, LLC

7

8            UNITED STATES DISTRICT COURT

9      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | Clear View Enterprises, a California     ) Case No.:
12 | Limited Liability Company,               )
                                             ) COMPLAINT FOR:
13 |                                          )
                 Plaintiffs,                  )
14 |                                          ) (1)  Fraud-Intentional Misrepresentation
15 |        vs.                               ) (2)  Fraud-Concealment
                                             ) (3)  Negligent Misrepresentation
16 | Elizabeth Raquel Beauvil aka Beauvil    ) (4)  Breach of Contract
17 | Raquel Beauvil; Global Empire           ) (5)  Intentional Interference with Contract
   | Holdings, a Florida Limited Liability   ) (6)  Breach of the Implied Covenant of
18 | Company; Lawrence B. Albano;            ) Good Faith and Fair Dealing
19 | Chelsea Jones; Does 1-10, inclusive.    ) (7)  Money Had & Received
                                             ) (8)  Alter Ego
20 |             Defendants.                  ) (9)  Conspiracy to Commit Fraud
21 |                                          ) (10) Conspiracy to Commit Negligent
                                             )  Misrepresentation
22 |                                          ) (11) Racketeer Influenced and Corrupt
23 |                                          ) Organization Act (RICO) – 18 U.S.C.
                                             )  § 1962(a) – Acquiring an Interest in
24 |                                          ) an Enterprise by Use of Income
25 |                                          ) (12)  Racketeer Influenced and Corrupt
                                             )  Organization Act (RICO) – 18 U.S.C.
26 |                                          )  § 1962(b) – Acquiring or Maintaining
27 |                                          )  an Interest in or Control of an
28 |                                          )  Enterprise

                            1

1
2
3
4
5
6
7
8

) (13)   Racketeer Influenced and Corrupt
) Organization Act (RICO) – 18 U.S.C.
) § 1962(c) – Conduct the Affairs of the
) Enterprise
) (14)   Racketeer Influenced and Corrupt
) Organization Act (RICO) – 18 U.S.C.
) § 1962(d) – Conspiracy to Conduct the
) Affairs of the Enterprise
) (15)   Violation of Pen. Code § 496(c)
)
) **DEMAND FOR JURY TRIAL**
)

9
10
11

Plaintiff Clear View Enterprises, a California Limited Liability Company hereinafter "Plaintiff") alleges:

12

## JURISDICTION AND VENUE

13
14
15
16
17
18

1.     This court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs; and the matter in controversy is between Plaintiff, which is a citizen of the State of California, Elizabeth Raquel Beauvil a citizen of the State of New York; Global Empire Holdings, LLC, a citizen of the State of Florida; Lawrence B. Albano is a citizen of the State of Florida; Chelsea Jones, a citizen of the State of New York.

19
20

2.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the property that is the subject of the action is situated in the judicial district.

21

## PARTIES

22
23
24
25

3.     Plaintiff is a California Limited Liability Company, in good standing, with principal offices in the County of Sacramento, State of California. All events which form the basis of this complaint occurred within the County of Sacramento, State of California.

26
27

4.     Defendant Elizabeth Raquel Beauvil aka Beauvil Raquel Beauvil ("Beauvil"), is a citizen and resident of New York City, State of New York.

28

5.     Defendant Global Empire Holdings, LLC ("Global") is a Florida Limited Liability

1    Company, in good standing with principal offices in Spring Hill, State of Florida.

2    6.      Defendant Lawrence B. Albano ("Albano") is a citizen of Florida and resides in

3    Spring Hill, State of Florida.

4    7.      Chelsea Jones ("Jones") is a citizen of the State of New York and resides in the

5    City of New York, State of New York.

6                                        **FACTS**

7    8.      Plaintiff's business is the marketing and qualification of case referrals to lawyers

8    and law firms. When there are  insufficient leads being generated to meet clients' needs,

9    Plaintiff will at times, purchase leads from third party lead generation vendors and then

10   qualify them for clients.

11   9.      Plaintiff started working with Albano and his company Global in April 2021.

12   Plaintiff had reached out to a company called Open Jar to inquire about available mass

13   tort leads. Plaintiff left a voicemail. Later that day, Plaintiff received a call from Albano

14   who stated he represented Open Jar selling leads. Albano further represented that he

15   produces leads of his own through his own mass tort sites. Albano asked Plaintiff not to

16   inform Open Jar about their discussion. Plaintiff assumed Albano was moonlighting and

17   providing Plaintiff with services directly and not in conflict with Open Jar. To this day,

18   Plaintiff never discovered whether Albano had any connection with Open Jar.

19   10.     Plaintiff's business relationship with Albano and Global started slow with a small

20   order for 20 leads. Plaintiff subsequently sent an order of 35 Paraquat leads. Another

21   order of 30 leads followed, along with an order for 25 leads for another client. Plaintiff

22   had well funded clients looking for high volume of Paraquat leads, so as soon as it was

23   clear that Global and Albano were producing what appeared to be good quality Paraquat

24   leads, the order size grew very quickly. When the Paraquat orders increased Plaintiff

25   ordered 100 at a time, Plaintiff dropped all other lead orders with Albano and Global and

26   focused exclusively on Paraquat leads.

27   11.     Orders were flowing 100 at a time; wires were going to Albano and Global at

28   $150,000 to $300,000 at a time.

12.     Around September 2021, Plaintiff started to audit the phone numbers because a small buyer complained they could not reach the leads through the contact information provided. Plaintiff ran the phone numbers through Intelius and other services and found a large percentage of the phone numbers were disconnected. Plaintiff raised this problem with Global and Albano and asked for replacements for the bad leads. Albano and Global never provided valid phone numbers. Instead, Albano and Global just replaced, *en masse,* a set of invalid phone number leads with new invalid ones. If the leads were valid Albano and Global would have replaced invalid leads with valid leads or simply corrected them. If they had actually spoken to the leads, they would have looked for the phone numbers and just corrected them. Albano and Global represented that the phone numbers provided to Plaintiff were scrambled by Global's intake software.

13.     Plaintiff told Global and Albano, Plaintiff would not accept any more leads until Global and Albano started providing recordings of the phone calls along with the documents to prove they talked to actual clients. This demand stopped all operations for 4-6 weeks. Albano and Global agreed to comply, but said they had to do a full Five-9 installation along with a new intake software installation in their call center. This was the explanation for the 4-6 week delay.

14.     After about 6 weeks, Global and Albano delivered leads again on orders that remained open and were not yet filled. The first batch supplied came with 14 audio recordings as requested. As the number of deliveries increased, there were no recordings and Albano and Global represented they would send the recordings over the weekend. Albano and Global represented they were short-staffed and had to pull the recordings.

15.     Plaintiff received 50-100 leads without recordings. After four weeks passed, it became clear there were no recordings.

16.     Plaintiff audited one of the names provided by Albano and Global and discovered that the date of birth didn't match, and the phone number didn't match. This pattern was a constant on all the leads.

17.     Plaintiff listened to all 14 of the phone call recordings provided by Albano and

Global in the initial delivery and found the same female voice acted as the call center agent while using different names on each recording. The female voice is believed to be Jones' voice. A different male voice acted as the claimant but was the same person throughout. Plaintiff realized the leads sent by Global and Albano were fraudulent.

18.     Albano and Global contrived a very complex plan to defraud the Plaintiff by forging digitally signed documents with a correct IP address, correct email address and a signing certificate from someone they never spoke to or worked with.

19.     Plaintiff informed Albano and Global that Plaintiff would not take any leads that did not have corresponding recordings. Unless Global and Albano provided recordings to prove otherwise, Plaintiff believed all leads provided to be fraudulent and Plaintiff demanded refunds or replacements.

20.     Plaintiff had several phone calls with Albano. At one point, Albano brought on a call Jones, who was referred to by Albano as "second in command," who refused to disclose her location and stated that Plaintiff would meet with the Team Leader on Monday. The Team Leader was Beauvil who had worked with a previous subcontractor who informed Plaintiff they had also been defrauded by Beauvil. Jones worked with Beauvil.

21.     Plaintiff informed Global, Albano and Jones that it knew Beauvil was a fraud and asked for refunds. Albano brought Beauvil into the conversation and communication circle.

22.     After further demands by Plaintiff, Albano sent wire details that he said showed all the money he kept and all the money he sent to Beauvil. Beauvil appeared to have the bulk of the money sent by Plaintiff. Albano had $500,000 of the roughly 1.5 million Plaintiff sent. Albano offered to refund $400,000. Later, Albano refunded another $99,600 or a total of $499,600.

23.     Beauvil refused to refund any money. Plaintiff paid $20,000 for an independent audit of the leads sent by Albano and Global. The audit was completed by the law firm customers of Legal Calls and they found that all leads sent by Global and Albano were

1  fraudulent. During the period of time April 2021 through January 2022, Plaintiff paid
2  approximately $1,500,000.00 to Beauvil, Jones, Global and Albano for the purchase of
3  leads. Jones at the time was working directly with the Albano and Global.

4  24.    Plaintiff discovered during the period of April 2021 to January 2022, that all of
5  the leads provided to Plaintiff by the Albano Group were fraudulent and could not be
6  referred and marketed to Plaintiff's clients.

7  **<u>FIRST CLAIM</u>**

8  **(Fraud – Intentional Misrepresentation Against Albano and Global)**

9  25.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 24 as
10 though fully set forth herein.

11 26.    Albano and Global made knowingly false representations to Plaintiff about the
12 quality of the leads. Based on the fact that 100% of the leads were bad and defective,
13 Albano and Global knew that all of the leads were defective and had bad phone
14 numbers, bad emails and generally bad contact information.

15 27.    Global and Albano made such knowingly false representations with the intent to
16 deceive or induce reliance by Plaintiff so that Plaintiff would purchase the leads. Such
17 intent is demonstrated by the fact that after Plaintiff informed Global and Albano about
18 the problems with the leads, Global and Albano orchestrated a scheme regarding
19 recordings that were also false with the intention of further inducing Plaintiff to continue
20 to purchase more leads. As further evidence of Global and Albano's intent is the fact that
21 they were not able to refund the total amount of money paid to them and were not able to
22 provide replacement leads that were legitimate.

23 28.    Plaintiff justifiably relied on the false representations as Albano and Global
24 appeared to be legitimate lead generators.

25 29.    As a result of Albano and Global's false representations, Plaintiff has been
26 damaged in the amount of $1,000,000 in addition to loss of business and loss of profit to
27 be determined at trial.

28 30.    Albano and Global's conduct described herein was done with a conscious

disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud or malice under California *Civil Code* §3294, entitling Plaintiff to punitive damages which should be an amount appropriate to punish or set an example of Albano and Global.

## SECOND CLAIM

### (Fraud – Concealment Against Albano and Global)

31.     Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 30 as though fully set forth herein.

32.     Albano and Global made representations about the quality and efficacy of the leads they were selling to Plaintiff and did not disclose facts such as complete defectiveness of the phone numbers, emails and contact information for each lead which materially qualifies the representations of the quality and efficacy of such leads.

33.     The facts about the defective quality of each lead was known or accessible only to Albano and Global and defendants knew that the facts of the defective nature of each lead was not known or reasonably discoverable by the Plaintiff until Plaintiff paid for the lead.

34.     Albano and Global actively concealed discovery from the Plaintiff by devising a further scheme to manufacture false recordings for the Plaintiff to attempt to disguise the fraudulent and defective nature of the leads. The recordings presented by Albano and Global were false and completely orchestrated by Albano and Global with actors or other people pretending to be the clients.

35.     As a result of Albano and Global's concealment, Plaintiff has been damaged in the amount of $1,000,000 in addition to loss of business and loss of profit to be determined at trial.

36.     Albano and Global's conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud or malice under California *Civil Code* §3294, entitling Plaintiff to punitive damages which should be an amount appropriate to punish or set an

1   example of Albano and Global.

2   ### THIRD CLAIM

3   ### (Negligent Misrepresentation Against Albano and Global)

4   37.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 36 as

5   though fully set forth herein.

6   38.    Albano and Global made representations of fact to Plaintiff that the leads Plaintiff

7   was buying were good and valid leads.

8   39.    Global and Albans's representations were not true in that 100% of the leads were

9   bad and defective.

10  40.    That Albano and Global may have honestly believed that the representations about

11  the leads were true, Albano and Global had no reasonable grounds for believing the

12  representations about the leads were true when they made them.

13  41.    Albano and Global intended that Plaintiff rely on their representations about the

14  quality of the leads.

15  42.    Plaintiff reasonably relied on the representations as Albano and Global appeared

16  to be legitimate lead generators.

17  43.    As a result of Albano and Global's representations, Plaintiff has been damaged in

18  the amount of $1,000,000 in addition to loss of business and loss of profit to be

19  determined at trial.

20  44.    Plaintiff's reliance on Albano and Global's representations was a substantial

21  factor in causing Plaintiff's harm.

22  ### FOURTH CLAIM

23  ### (Breach of Contract Against Albano and Global)

24  45.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 44 as

25  though fully set forth herein.

26  46.    Plaintiff and Albano, and Global had an agreement both verbal and in writing

27  through emails that Albano and Global would sell to Plaintiff valid and good leads that

28

Plaintiff was able to sell to attorneys regarding cases that were pre-qualified over the phone by Albano and Global.

47.    Plaintiff performed the contract by paying for every lead provided by Albano and Global.

48.    Albano and Global breached the agreement because they failed to give Plaintiff any valid leads.

49.    As a result of Albano and Global's breach, Plaintiff has been damaged in the amount of $1,000,000 in addition to loss of business and loss of profit to be determined at trial.

## **FIFTH CLAIM**

**(Intentional Interference with Contract Against Albano, Global, Jones and Beauvil)**

50.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 49 as though fully set forth herein.

51.    Plaintiff had contracts with attorneys to provide valid qualified clients for purposes of retainers.

52.    Albano, Global, Jones and Beauvil had knowledge of these contracts due to the fact that they were acting as lead generators that supplied Plaintiff with the leads for such clients.

53.    Albano, Global, Jones and Beauvil's intentional act of supplying invalid and defective leads was designed to induce a breach or disruption of the contractual relationship with the third party attorneys.

54.    There was an actual breach or disruption of the contractual relationship with some of the third party attorneys.

55.    Plaintiff was damaged in loss of sales and profits to the third party attorneys in an amount estimated to be $1,000,000, or according to proof at the time of trial.

56.    Albano, Global, Jones and Beauvil's conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud or malice under California *Civil Code*

§3294, entitling Plaintiff to punitive damages which should be an amount appropriate to punish or set an example of Albano, Global, Lott, Jones and Beauvil.

## SIXTH CLAIM

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Albano and Global)

57.     Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 56 as though fully set forth herein.

58.     Plaintiff, Albano and Global entered into a contract that Albano and Global would sell to Plaintiff valid and good leads that Plaintiff was able to sell to attorneys regarding cases that were ready for retainers.

59.     Plaintiff did all, or substantially all of the significant things that the contract required of it to do.

60.     That all conditions required for Albano and Global's performance had occurred.

61.     That Albano and Global's conduct of providing invalid and defective leads prevented Plaintiff from receiving the benefits of the contract.

62.     That by doing so, Albano and Global did not act fairly and in good faith.

63.     Plaintiff was damaged in loss of sales and profits to the third party attorneys in an amount estimated to be $1,000,000, or according to proof at the time of trial.

64.     Albano and Global's conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud or malice under California *Civil Code* §3294, entitling Plaintiff to punitive damages which should be an amount appropriate to punish or set an example of Albano and Global.

## SEVENTH CLAIM

### (Money Had & Received Against Albano and Global)

65.     Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 64 as though fully set forth herein.

66.    Albano and Global received money that was intended to be used for the benefit of Plaintiff.

67.    That the money was not used for the benefit of Plaintiff.

68.    That Albano and Global has not given the money to Plaintiff despite demand.

## EIGHTH CLAIM

### (Alter Ego Against Albano)

69.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 68 as though fully set forth herein.

70.    There is such a unity of interest between Albano and Global that the separate personality of the corporation no longer exist.

71.    Inequitable results will follow if the corporate separateness is respected because Albano has comingled funds and assets, has failed to segregate funds between Albano and Global; the unauthorized diversion of corporate funds or assets to other than corporate uses; the treatment by Albano as an individual of the assets of the corporation as his own; the failure to obtain authority to issue stock or to subscribe to or issue the same.

## NINTH CLAIM

### (Conspiracy to Commit Fraud Against Jones and Beauvil)

72.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 71 as though fully set forth herein.

73.    Jones and Beauvil entered into an agreement with Albano and Global to form a conspiracy to sell Plaintiff invalid and defective leads.

74.    Jones, Beauvil, Albano and Global engaged in the wrongful conduct in furtherance of the conspiracy by selling invalid and defective leads.

75.    Plaintiff was damaged in loss of sales and profits in an amount estimated to be $1,000,000, or according to proof at the time of trial.

76.    Jones, Beauvil, Albano and Global's conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy

1   Plaintiff such as to constitute oppression, fraud or malice under California *Civil Code*

2   §3294, entitling Plaintiff to punitive damages which should be an amount appropriate to

3   punish or set an example of Jones, Beauvil, Albano and Global.

4   ## TENTH CLAIM

5   **(Conspiracy to Commit Negligent Misrepresentation Against Jones and Beauvil)**

6   77.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 76 as

7   though fully set forth herein.

8   78.    Jones and Beauvil entered into an agreement with Albano and Global to form a

9   conspiracy to sell Plaintiff leads that the either know or had no reasonable basis to

10   believe were valid.

11   79.    Jones, Beauvil, Albano and Global engaged in the wrongful conduct in

12   furtherance of the conspiracy by selling invalid and defective leads.

13   80.    Plaintiff was damaged in loss of sales and profits in an amount estimated to be

14   $1,000,000, or according to proof at the time of trial.

15   ## ELEVENTH CLAIM

16   **(Money Had & Received Against Beauvil)**

17   81.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 80 as

18   though fully set forth herein.

19   80.    Albano and Global received money that was intended to be used for the benefit of

20   Plaintiff.

21   81.    That the money was not used for the benefit of Plaintiff.

22   82.    That Albano and Global has not given the money to Plaintiff despite demand.

23   ## TWELFTH CLAIM

24   **(Racketeer Influenced and Corrupt Organization Act (RICO) – 18 U.S.C. § 1962(a)**

25   **– Acquiring an Interest in an Enterprise by Use of Income Against Albano, Global,**

26   **Jones and Beauvil)**

27   83.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 82 as

28   though fully set forth herein.

84.     Plaintiff asserts a claim against Albano, Global, Jones and Beauvil (Defendants) for violating the Racketeer Influenced and Corrupt Organizations Act, commonly known as RICO. Plaintiff specifically claims that Defendants violated 18 U.S.C. § 1962(a) of RICO.

85.     Defendants derived income, either directly or indirectly, from a pattern of racketeering activity.

86.     "Racketeering activity" is an act that violates 18 U.S.C. § 1962(a). An act of "racketeering activity" is also called a "predicate act."

87.     Defendants committed at least two distinct predicate acts.

88.     Defendants engaged in multiple acts of wire fraud through emails and through phone conversations to solicit and receive monies from Plaintiff.

89.     Defendants committed  –  or  aided,  abetted,  counseled, commanded, induced, or procured the commission of – multiple acts of wire fraud two or more alleged predicate acts that make up the alleged pattern of racketeering activity which,  if Defendants  directly performed to make up the commission of two or more alleged predicate acts that comprise the alleged pattern of racketeering activity.

90.     Defendant acted with intent or knowledge, rather than by mistake or accident.

91.     Some part of that income, or proceeds of that income, was used to acquire or maintain an interest in, or to operate, an enterprise.

92.     Defendants were an association-in-fact enterprise in that Defendants had worked together in the past to defraud others similarly place as Plaintiff and acted in conjunction with each other for the purpose associated with the enterprise to commit wire fraud against Plaintiff to receive money through such wire fraud to acquire the property interest in Plaintiff's money.

93.     Defendants enterprise had some effect on, interstate or foreign commerce in that the wire fraud engaged Defendants from New York, Florida and other states to defraud Plaintiff to wire transmit money to Defendants.

94.     As a result of Defendants racketeering activity, Plaintiff has been damaged in an

1  amount estimated to be over $1,000,000.00, but according to proof at the time of trial.

2  95.    Under 18 U.S.C. § 1964(c), Plaintiff is entitled to three times actual damages,

3  costs of suit and reasonable attorney's fees.

4  **THIRTEENTH CLAIM**

5  **(Racketeer Influenced and Corrupt Organization Act (RICO) – 18 U.S.C. § 1962(b)**

6  **– Acquiring or Maintaining an Interest in or Control of an Enterprise Against**

7  **Albano, Global, Jones and Beauvil)**

8  96.    Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 95 as

9  though fully set forth herein.

10  97.    Plaintiff asserts a claim against Albano, Global, Jones and Beauvil (Defendants)

11  for violating the Racketeer Influenced and Corrupt Organizations Act, commonly known

12  as RICO. Plaintiff specifically claims that Defendants violated 18 U.S.C. § 1962(b) of

13  RICO.

14  98.    Defendants derived income, either directly or indirectly, from a pattern of

15  racketeering activity.

16  99.    "Racketeering activity" is an act that violates 18 U.S.C. § 1962(a). An act of

17  "racketeering activity" is also called a "predicate act."

18  100.   Defendants committed at least two distinct predicate acts.

19  101.   Defendants engaged in multiple acts of wire fraud through emails and through

20  phone conversations to solicit and receive monies from Plaintiff.

21  102.   Defendants committed  –  or  aided,  abetted,  counseled, commanded, induced,

22  or procured the commission of – multiple acts of wire fraud two or more alleged

23  predicate acts that make up the alleged pattern of racketeering activity which,  if

24  Defendants  directly performed to make up the commission of two or more alleged

25  predicate acts that comprise the alleged pattern of racketeering activity.

26  103.   Defendant acted with intent or knowledge, rather than by mistake or accident.

27  104.   Some part of that income, or proceeds of that income, was used to acquire or

28  maintain an interest in, or to operate, an enterprise.

105.   Defendants were an association-in-fact enterprise in that Defendants had worked together in the past to defraud others similarly place as Plaintiff and acted in conjunction with each other for the purpose associated with the enterprise to commit wire fraud against Plaintiff acquired or maintained, directly or indirectly, an interest in or control of an enterprise.

106.   Defendants enterprise had some effect on, interstate or foreign commerce in that the wire fraud engaged Defendants from New York, Florida and other states to defraud Plaintiff to wire transmit money to Defendants.

107.   As a result of Defendants racketeering activity, Plaintiff has been damaged in an amount estimated to be over $1,000,000.00, but according to proof at the time of trial.

108.   Under 18 U.S.C. § 1964(c), Plaintiff is entitled to three times actual damages, costs of suit and reasonable attorney's fees.

## FOURTEENTH CLAIM

**(Racketeer Influenced and Corrupt Organization Act (RICO) – 18 U.S.C. § 1962(c) – Conduct the Affairs of the Enterprise Against Albano, Global, Jones and Beauvil)**

109.   Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 108 as though fully set forth herein.

110.   Plaintiff asserts a claim against Albano, Global, Jones and Beauvil (Defendants) for violating the Racketeer Influenced and Corrupt Organizations Act, commonly known as RICO. Plaintiff specifically claims that Defendants violated 18 U.S.C. § 1962(c) of RICO.

111.   Defendants were an association-in-fact enterprise in that Defendants had worked together in the past to defraud others similarly place as Plaintiff and acted in conjunction with each other for the purpose associated with the enterprise to commit wire fraud against Plaintiff.

112.   Defendants enterprise had some effect on, interstate or foreign commerce in that the wire fraud engaged Defendants from New York, Florida and other states to defraud Plaintiff to wire transmit money to Defendants.

113.   Defendants were employed or associated with the enterprise to commit multiple acts of wire fraud to induce Plaintiff to send money to Defendants.

114.   Defendant acted with intent or knowledge, rather than by mistake or accident.

115.   Defendants participated, either directly or indirectly, in the conduct of the affairs of the enterprise. Defendants had a history or working with each other in the past and present to engage in "racketeering activity" against similarly placed businesses such as Plaintiff.

116.   "Racketeering activity" is an act that violates 18 U.S.C. § 1962(a). An act of "racketeering activity" is also called a "predicate act."

117.   Defendants committed at least two distinct predicate acts.

118.   Defendants engaged in multiple acts of wire fraud through emails and through phone conversations to solicit and receive monies from Plaintiff.

119.   As a result of Defendants racketeering activity, Plaintiff has been damaged in an amount estimated to be over $1,000,000.00, but according to proof at the time of trial.

120.   Under 18 U.S.C. § 1964(c), Plaintiff is entitled to three times actual damages, costs of suit and reasonable attorney's fees.

## FIFTEENTH CLAIM

**(Racketeer Influenced and Corrupt Organization Act (RICO) – 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of the Enterprise Against Albano, Global, Jones and Beauvil)**

121.   Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 120 as though fully set forth herein.

122.   Plaintiff asserts a claim against Albano, Global, Jones and Beauvil (Defendants) for violating the Racketeer Influenced and Corrupt Organizations Act, commonly known as RICO. Plaintiff specifically claims that Defendants violated 18 U.S.C. § 1962(d) of RICO.

123.   Defendants agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity for the purpose associated with the enterprise to commit wire fraud

1  against Plaintiff.

2  124.   Defendants enterprise had some effect on, interstate or foreign commerce in that

3  the wire fraud engaged Defendants from New York, Florida and other states to defraud

4  Plaintiff to wire transmit money to Defendants.

5  125.   Defendants agreed to the overall objective of the conspiracy of the enterprise to

6  commit multiple acts of wire fraud to induce Plaintiff to send money to Defendants.

7  126.   Defendant acted with intent or knowledge, rather than by mistake or accident.

8  127.   Defendants participated, either directly or indirectly, in the conduct of the affairs

9  of the enterprise. Defendants had a history or working with each other in the past and

10 present to engage in "racketeering activity" against similarly placed businesses such as

11 Plaintiff.

12 128.   "Racketeering activity" is an act that violates 18 U.S.C. § 1962(a). An act of

13 "racketeering activity" is also called a "predicate act."

14 129.   Defendants committed at least two distinct predicate acts.

15 130.   Defendants engaged in multiple acts of wire fraud through emails and through

16 phone conversations to solicit and receive monies from Plaintiff.

17 131.   As a result of Defendants racketeering activity, Plaintiff has been damaged in an

18 amount estimated to be over $1,000,000.00, but according to proof at the time of trial.

19 132.   Under 18 U.S.C. § 1964(c), Plaintiff is entitled to three times actual damages,

20 costs of suit and reasonable attorney's fees.

21 **SIXTEENTH CLAIM**

22 **(Violation of California Penal Code § 496(c) Against Albano, Global, Jones and**

23 **Beauvil)**

24 133.   Plaintiff re-alleges and incorporates by reference Paragraphs 9 through 132 as

25 though fully set forth herein.

26 134.   Section 496 provides a civil cause of action to "[a]ny person who has been injured"

27 by a defendant "who buys or receives any property . . . stolen or that has been obtained in

28 any manner constituting theft or extortion, knowing the property to be so stolen or

1 obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding

2 any property from the owner, knowing the property to be so stolen or obtained." Cal.

3 Penal Code §§ 496(a), (c).

4 135.    Defendants obtained money from Plaintiff based upon wire fraud, false pretenses

5 and intentionally false representations constituting larceny. Defendants intentionally

6 provided false leads and intentionally orchestrated an elaborate scheme to masquerade a

7 portion of the leads as valid when they were never valid.

8 136.   When Plaintiff demanded the money back, Defendants at first gave excuses and

9 attempted to hustle Plaintiff with more false leads to disguise the true nature of the theft

10 and fraud.

11 137.   Theft under the meaning of  Pen. Code § 496 constitutes knowingly defrauding a

12 person of money by false representation.

13 138.   Defendants received money from Plaintiff through false misrepresentation which

14 constitutes theft.

15 139.   Defendants theft, Plaintiff has been damaged in an amount estimated to be over

16 $1,000,000.00, but according to proof at the time of trial.

17 140.    Under Pen. Code § 496 (c), Plaintiff is entitled to three times actual damages,

18 costs of suit and reasonable attorney's fees.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

**PRAYER**

2

Plaintiff prays as follows:

3

1.      Judgment against Defendants;

4

2.      Compensatory damages according to proof, including loss of profits, loss of

5

business;

6

3.      Punitive Damages in an amount to set an example;

7

4.      Treble damages under C

8

5.      Treble damages under Pen. Code § 496(c);

9

6.      Pre-judgment interest

10

7.      Attorneys' fees and costs under 18 U.S.C. § 1964(c);

11

8.      Attorneys' fees and costs under Pen. Code § 496(c);

12

9.      Such further relief as the Court deems proper.

13

14

Dated:  June 28, 2022

15

_____

16

Michael N. Sofris, Esq.
Attorney for Plaintiff Clear View Enterprises, LLC

17

18

**DEMAND FOR A TRIAL BY JURY**

19

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

20

demands a jury trial in this action.

21

22

Dated:  June 28, 2022

23

_____

24

Michael N. Sofris, Esq.
Attorney for Plaintiff Clear View Enterprises, LLC

25

26

27

28