Michael N. Sofris, Esq.   SBN 170018
Action Legal Team
13920 NW Passage #304
Marina del Rey, Ca  90292
michaelsofris@gmail.com
Attorneys for Plaintiff Clear View Enterprises, LLC

Nicholas R. Webb, Esq.  SBN 332586
Law Office of Nicholas R. Webb
1426 Plaza del Oro
Benecia, Ca  94510
contact@nickwebblaw.com

Attorneys for Defendants Lawrence B. Albano, Elizabeth Raquel Beauvil and Global Empire Holdings

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Clear View Enterprises, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>Elizabeth Raquel Beauvil aka Beauvil Raquel Beauvil; Global Empire Holdings, a Florida Limited Liability Company; Lawrence B. Albano; Chelsea Jones; Does 1-10, inclusive,<br><br>Defendants. | Case No.  2:22-cv-01119-KJM-JDP<br><br>**[PROPOSED] STIPULATION AND ORDER GOVERNING THE TAKING OF REMOTE DEPOSITIONS PURSUANT TO FRCP 30(b)(4)** |

# [~~PROPOSED~~] STIPULATION AND ORDER GOVERNING THE TAKING OF REMOTE DEPOSITIONS

The Parties to the above-captioned action (the "Action"), through their respective counsel, stipulate and agree as follows:

## I.   GENERAL GUIDELINES AND SCOPE

1.   This Stipulation and Order Governing the Taking of Remote Depositions (the "Remote Deposition Protocol") will govern, subject to Court approval, the taking of fact and expert depositions in the above-captioned matter as a supplement to rules and procedures that may apply, including those set forth in the Stipulated Protective Order dated February 13, 2023, the Court's Scheduling Orders dated December 15, 2023, and the Federal Rules of Civil Procedure and Evidence.

2.   The Deposing Party Counsel is responsible for retaining, and covering the cost of, the court reporter, videographer, and any other vendor retained to assist with the Remote Deposition and needed to comply with the terms of this Protocol. For any Third Party depositions where both Complaint Counsel and Respondent have noticed the Remote Deposition of the same witness, unless otherwise agreed, any costs associated with providing the Platform for the taking of a Remote Deposition shall be the responsibility of the Noticing Party that first notices the Remote Deposition at issue.

3.   The Parties agree to use Veritext Legal Solutions (the "Vendor") for the Remote Depositions.  Deposing Party's Counsel may elect, at the own cost and expense, to designate another Vendor to conduct the Remote deposition.  Notice of a substitute\alternate Vendor must given at least seven (7) days before the deposition is conducted.  Any substitute\alternate

Vendor must be qualified to conduct remote depositions and administer oaths either in the State of California or in the locale of the Witness.

**II.     DEFINITIONS**

4.     "Attending Counsel" means any legal counsel for a party who is not Deposing Counsel or Defending Counsel, but who is attending a Remote Deposition either in person or remotely.

5.     "Defending Counsel" means legal counsel representing the Witness with respect to a deposition in this Litigation. In the event a non-party Witness does not have counsel, then "Defending Counsel" shall mean the Witness.

6.     "Deposing Counsel" means the legal counsel of the Party or Parties noticing and/or questioning the Witness at a Remote Deposition in this litigation. For clarity, Deposing Counsel does not include any legal counsel who does not notice or cross-notice a Remote Deposition but is afforded reasonable time to ask follow-up questions of the deponent.

7.     "Noticing Party" means a Party that noticed a Remote Deposition of a Witness pursuant to FRCP Rule 30.

8.     "Parties" for purposes of this Remote Deposition Protocol means the named Parties to this Action as well as consultants, agents, representatives, or former employees of the named Parties if they are represented by Defending Counsel or if any Party is paying for their counsel.

9.     "Third Party" or "Third-Party Witness" means all natural or legal persons that are neither Parties nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a Remote Deposition in this litigation.

10.    "Platform" means the video-conferencing computer application that enables the Parties to conduct a Remote Deposition in accord with this Remote Deposition Protocol.

11. "Remote Deposition" means any deposition conducted pursuant to FRCP Rule 30 as agreed to under this Remote Deposition Protocol where all of the participants—including Deposing Counsel, Defending Counsel, Attending Counsel, the Witness, court reporters, and/or videographers—are not physically present in the same location at the time the deposition is taken.

12. "Witness" means the person, including Third Parties, whose Remote Deposition has been noticed in this litigation or any person designated to appear to give testimony on behalf of a Party or Third Party pursuant to FRCP Rule 30.

13. "Primary Counsel" means counsel designated by the Parties and the Witness at the beginning of the Remote Deposition as provided in this Paragraph. On the record at the start of the Remote Deposition, the Parties shall identify no more than one counsel each to serve as Primary Counsel. Similarly, if the Witness is a Third-Party Witness, then the Witness shall, on the record, at the start of the Remote Deposition, also identify no more than one counsel to serve as Primary Counsel during the Remote Deposition.

**III.    AGREEMENT TO CONDUCT REMOTE DEPOSITIONS**

14. All Party depositions in this Action shall be Remote Depositions unless otherwise agreed to by the Parties or unless otherwise ordered by the Court. Third-Party depositions in this Action shall be held in person at the option of any Noticing Party. In the event a witness raises a reasonable objection to an in-person deposition, the Noticing Party and the relevant Third-Party shall negotiate in good faith about the format of the deposition. Parties who do not agree to an in-person deposition for a given Witness shall have the opportunity to participate remotely in the deposition using the Platform. A copy of this stipulation shall be provided to each Witness or Defending Counsel.

15. Remote Depositions in this case shall be taken in compliance with FRCP Rule 30.

16. Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness's oath or affirmation may be administered remotely. The place of examination is the location of the Witness. A Remote Deposition will be deemed to have been conducted before an appropriate officer, as long as that officer attends the deposition via the same Platform that the Witness and Primary Counsel use to attend the deposition.

17. The Parties hereby expressly waive all objections to any Remote Deposition, and the admissibility of any testimony given during a Remote Deposition, based solely on the fact it was a Remote Deposition. Testimony given during a Remote Deposition, including both the transcript and video record, if any, may be used at a trial, at hearings, in motions, or in other modes in these proceedings to the same extent that in- person deposition testimony may be used at trial, at hearings, in motions, or in other modes in these proceedings.

**IV. DURATION OF REMOTE DEPOSITIONS**

18. If technical issues result in the inability of any Primary Counsel, the court reporter, videographer, or the Witness to receive either the audio or video feed of a Remote Deposition, the Remote Deposition shall be paused. Any portion of the deposition that has been transcribed while a Primary Counsel or the Witness was disconnected or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty, and the disconnected Primary Counsel must be given an opportunity to object to any questions or answers that occurred in their absence. Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the Remote Deposition shall not count against the time allotted for the deposition by the Scheduling Order in this Action. The duration of a Remote Deposition may be further enlarged by agreement of the Parties or by order of the Court.

19. If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a Remote Deposition impracticable, counsel for the Parties and the Witness shall resume the Remote Deposition at the earliest, mutually convenient opportunity. Either Party or a Third-Party Witness may seek by letter motion a protective order regarding whether or the terms under which the Remote Deposition may resume.

**V.     THE TECHNOLOGY TO BE USED FOR REMOTE DEPOSITIONS**

20. The Platform must allow for the court reporter to accurately record, and for all participating attorneys and the court reporter to hear and see, the Witness, Deposing Counsel, Defending Counsel, and any exhibits that are introduced on the Platform during the Remote Deposition.

21. The Noticing Party shall be responsible for arranging the taking of a Remote Deposition and ensuring that email invitations to attend the Remote Deposition are sent to the Witness, the court reporter, and any Attending or Defending Counsel who, no later than four days before the Remote Deposition, shall provide their email addresses to the Noticing Party. In the event that both sides have noticed the Remote Deposition, the Party who first noticed the Remote Deposition shall be responsible for coordinating the aforementioned logistics. In lieu of providing the Witness's email address, Defending Counsel may elect, upon notice to the Noticing Party, to forward the email invitation and other relevant information to the Witness directly.

22. The Parties shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform to ensure the transmission of audio and video

1 feeds via the Platform. Upon the request of any Party, the Witness, or Defending Counsel, a
2 Noticing Party shall arrange for the Witness and all participating attorneys to have the ability to
3 participate in a test run of the Platform.

4  23.    The Platform for a Remote Deposition will be configured such that any private chat
5 feature is disabled. Breakout room features may be enabled only for breaks and recesses off the
6 record. Conversations in the breakout rooms shall not be recorded. All other chat, instant
7 message, e-mail, and/or texting features that may be visible to or used to communicate with the
8 Witness are prohibited and shall be closed or disabled during the Remote Deposition in a
9 manner that prevents the Witness from receiving messages, alerts, and notifications through
10 such features.

11  24.    Remote Depositions subject to this Remote Deposition Protocol shall be recorded by
12 stenographic means at the expense of the Noticing Party. The deposition also may be recorded
13 by audiovisual means at the election of either side, at the electing side's expense. Each Party
14 will bear its own costs for copies of transcripts and copies of video recordings of any
15 deposition. No Party or person other than the court reporter, videographer, and/or audio recorder
16 shall record any portion of the Remote Deposition. This prohibition extends to capturing
17 images, audio, or footage by any means, including but not limited to taking screenshots, audio
18 recordings, videos, or pictures of the deposition.

19  25.    While Deposing Counsel, the Witness, and Defending Counsel all must be visible via
20 video on the Platform while the Remote Deposition is being conducted, any video recording
21 shall be made using the camera focused on the Witness, not Deposing Counsel or Defending
22 Counsel, or any of the other attendees. Any persons who are attending a deposition other than
23 Deposing Counsel, the Witness, Defending Counsel, and any other counsel in the same room
24

1 with the witness shall have their cameras and microphones turned off while testimony is being
2 taken on the record.

3 26.     Any Party may elect to have a technical specialist attend a Remote Deposition to ensure
4 that technical issues are resolved in a timely manner.

## VI. EXHIBITS

27.      Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at a Remote Deposition can be shown to the Witness in a manner that enables the Witness, the court reporter, and Primary Counsel to review the exhibits in their entirety during the course of the deposition and to control their ability to review the exhibits. The Parties agree that the preferred method of marking and using exhibits for a Remote Deposition is through the Platform, which shall enable Deposing Counsel to share exhibits with the Witness, court reporter, and all Attending Counsel. A Party also may email a compressed .zip file, secure FTP, or other secure electronic link of the documents in their entirety that may be used as exhibits during the Remote Deposition to the Witness, court reporter, and Defending Counsel no later than 3:00 pm the business day prior to the start of the Remote Deposition. Prior to the commencement of the Remote Deposition, the recipients may only open the .zip file, FTP, or electronic link for the limited purpose of ensuring that they are able to access the exhibits; the recipients may not open individual exhibits except as permitted in Paragraph 29, infra.

28.     If exhibits are transmitted via .zip file, secure FTP, other electronic link, to the extent that any exhibit is not used or introduced during the course of the Remote Deposition, to safeguard the attorney work product of the Deposing Counsel, the Witness, Defending Counsel, Attending Counsel, and any persons not affiliated with the Deposing Counsel may not open or review any such unused or unintroduced exhibit, whether during the Remote Deposition or at

any time thereafter. The Witness, Defending Counsel, and any persons not affiliated with the Deposing Counsel other than the Vendor shall not review any exhibit unless and until it is introduced as an exhibit by the Deposing Party at the Remote Deposition. Third-Party Witnesses and their Defending Counsel shall not retain any copies of documents sent in advance of or used during the deposition.

29.     If the Platform for a Remote Deposition does not permit the court reporter to mark exhibits remotely, Deposing Counsel shall be responsible for marking exhibits and ensuring that such marks are communicated to the court reporter and all participating attorneys on the record during the Remote Deposition.

30.     Any Noticing Party that wishes to use hard copies as exhibits during a deposition must ensure that the Witness, the court reporter, Primary Counsel, counsel for the opposing Party, and counsel for any non-Party Witness each receive a physical copy of the documents no fewer than 24 hours before the start of the deposition. Each recipient of the physical copies of the exhibits shall not review any exhibit until it is introduced as an exhibit by the Noticing Party at the Remote Deposition. Notwithstanding the use of a physical copy, an exhibit introduced by the Noticing Party shall also be marked through the Platform, which electronic copy will be the official exhibit, absent agreement otherwise by the Parties. If a Party provides documents in sealed envelopes, the Witness and any other recipient of the hard-copy exhibits shall not open the envelopes until asked to do so during the Remote Deposition and shall only open the envelopes on video. Non-party Witnesses and their Defending Counsel shall not retain any copies of documents sent in advance of or used during the deposition and shall confirm that they will return or destroy any such documents at the end of the deposition. Nothing in this paragraph is meant to preclude Defending Counsel who represents a Witness and is physically

located in the same room as the Witness during the Remote Deposition from providing a hard copy of an exhibit that has been introduced to the Witness, provided that doing so does not unreasonably delay the Remote Deposition.

## VII.   MISCELLANEOUS PROVISIONS

31.   The Parties shall conduct a joint test of the Platform prior to the taking of the first Remote Deposition using that Platform. A Party that fails to participate in such a test waives any objections to the use of the Platform.

32.   Defending Counsel, Deposing Counsel, and the Witness shall enable both an audio and video connection at all times during a Remote Deposition. The audio connection shall be muted when appropriate, but the video connection shall remain active, with the camera turned on, at all times during a Remote Deposition, except during breaks so long as the Platform connection is maintained.

33.   If privileged information is disclosed during a Remote Deposition inadvertently as a result of a technical disruption or other technical issue, such disclosure shall not be deemed a waiver of privilege.

34.   Unless otherwise agreed by the Parties, no person may be physically located in the same room as the Witness during the taking of a Remote Deposition except for: (a) a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform, (b) Defending Counsel who represents a Witness, and (c) any Attending Counsel. Such persons must be logged onto the Platform with a separate video connection. At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the deposition must be identified for the record. Any person joining or

1  leaving the deposition after it begins, with the exception of Defending Counsel and Third Pary

2  counsel for any Deponent, must be identified at the time of their arrival or departure.

3  35.    During a Remote Deposition, the Witness may not communicate with any person

4  regarding the Witness's testimony, except through the Platform, by any means, including

5  through gestures, handwritten communications, email, chat, instant messaging, or text

6  messaging. This restriction does not apply to conversations between the Witness and Defending

7  Counsel during breaks or other recesses not on the record; such conversations can occur in

8  breakout rooms provided by the Platform or other means, to the extent such breaks or recesses

9  and any such conversations taking place during them occur in the manner permitted under

10  applicable federal and local rules and procedures. Notwithstanding the requirements of this

11  Paragraph, a Witness may consult privately with Defending Counsel ~~for the purpose of~~

12  ~~determining whether a privilege should be asserted~~ so long as the Witness or Defending

13  Counsel states on the record that such consultation is occurring. For the avoidance of any doubt,

14  and in keeping with normal deposition practice, Deposing Counsel, Defending Counsel, and

15  Third-Party Counsel may engage in private communications or discussion amongst themselves

16  during a Remote Deposition, using any appropriate means (such as email, texting, etc.).

17  36.    While giving testimony, the Witness may not review, read, have before them, or

18  otherwise access any document, including email, text, web pages, social media, video, audio, or

19  any other material, except documents presented to the Witness as exhibits during the Remote

20  Deposition, without the express consent of counsel for all Parties. During the deposition, the

21  Witness shall not consult any outside sources of information, including but not limited to,

22  people, cell phones, smart phones, computers, the Internet, text or instant messaging services,

23

24

emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, to obtain information in connection with his or her testimony.

37. Based on their experience under this Remote Deposition Protocol and the needs of individual witnesses, (a) the Parties, or the Parties and any Third-Party Witness, may stipulate to modifications of this Remote Deposition Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Remote Deposition Protocol applicable to depositions to which this Remote Deposition Protocol applies.

38. The Noticing Party shall serve a copy of this Remote Deposition Protocol with any subpoena for deposition testimony in this Action.

39. All persons attending Remote Depositions are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this Remote Deposition Protocol who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this Remote Deposition Protocol shall undertake best efforts to ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition.

**VIII.  RESERVATION OF RIGHTS**

41. By entering into this stipulation and agreement, the Parties do not intend to limit their rights to seek relief from the Court if, at any time, any one or all of them determine that Remote Depositions are or have become impractical or prejudicial.

42. By entering into this stipulation and agreement, the Parties do not intend for this stipulation to act as a waiver of any Party's rights or protections or applicable procedures under, any Order entered in the Litigation.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: 07/10/2023                    /s/ Michael N. Sofris
                                     Michael N. Sofris, Esq.
                                     Attorney(s) for Plaintiff

Dated: 07/10/2023                    /s/ Nicholas Webb
                                     Nicholas Webb, Esq.
                                     Attorney(s) for Defendant(s)

**FOR GOOD CAUSE SHOWN,**

IT IS SO ORDERED.

Dated:   July 26, 2023               _____
                                     JEREMY D. PETERSON
                                     UNITED STATES MAGISTRATE JUDGE