UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clear View Enterprises, | No. 2:22-cv-01119-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Elizabeth Raquel Beauvil aka Beauvil Raquel Beauvil, et al., | |
| Defendants. | |

Nicholas R. Webb, who represents defendants Raquel Beauvil, Lawrence Albano, and Global Empire Holdings in this action, moves to withdraw as their counsel. *See generally* Mot., ECF No. 29. During his preparation for a recent deposition, Webb "discovered information which," in his assessment, "creates a conflict of interest between the parties which would not allow [him] to provide zealous representation of their individual interests." Webb. Decl. ¶ 1(A), ECF No. 29-1. He interprets the California Rules of Professional Conduct as requiring his withdrawal. *See id.* ¶ 1(B). He cites a rule prohibiting attorneys from representing a client in two circumstances involving personal relationships, absent a written disclosure to the client: (1) if the attorney "has, or knows that another lawyer in the lawyer's firm has, a legal, business, financial, professional, or personal relationship with or responsibility to a party or witness in the same

1

matter;" and (2) if the attorney "knows or reasonably should know that another party's lawyer is a spouse, parent, child, or sibling of the lawyer, lives with the lawyer, is a client of the lawyer or another lawyer in the lawyer's firm, or has an intimate personal relationship with the lawyer." Cal. R. Prof. Conduct 1.7(c). Webb also cites Rule 1.16, which requires an attorney to withdraw from a representation if the attorney "knows or reasonably should know that the representation will result in a violation of these rules or of the State Bar Act." Cal. R. Prof. Conduct 1.16(a)(2).

Under this district's local rules, before attorneys can withdraw as counsel and leave their clients *in propria persona*, they must file a motion to withdraw and obtain the court's permission. E.D. Cal. L.R. 182(d). Attorneys must also file an affidavit describing their efforts to notify the client of the motion to withdraw, *id.*, and under the state's Rules of Professional Conduct, which this court's local rules adopt, *id.*, the attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel" and releasing client materials and property. Cal. R. Prof. Conduct 1.16(d). "The decision to grant or deny a motion to withdraw is within the court's discretion." *Staychock v. Klean Kanteen, Inc.*, No, 17-1012, 2017 WL 6383603, at *1 (E.D. Cal. Dec. 14, 2017) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). Courts consider several factors, "including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay." *Id.* (citation omitted).

Webb's request to withdraw complies with the local rules and the state's rules of professional conduct. Based on the statements in his declaration, his withdrawal appears necessary to avoid impermissible conflicts of interest under the rules of professional conduct. He has notified his clients of his conflict and has advised them to find attorneys to represent them in this matter as soon as possible. After reviewing the docket, this court also finds that a short stay and modification of the scheduling order will avoid any harm that Webb's withdrawal might cause to his clients and the other parties. For these reasons, the court orders as follows:

(1) The motion to withdraw (ECF No. 29) is **granted**.

(2) This action is **stayed for thirty days** to permit defendants to retain new counsel.

2

    (3) A status conference is set for **November 2, 2023 at 2:30 p.m.** before the undersigned. All counsel, including new counsel for defendants, must meet and confer and file a joint status report no later than **October 26, 2023** proposing modifications to the pretrial schedule previously set in this action.  All other dates and deadlines are **vacated**.

    This order resolves ECF No. 29.

    IT IS SO ORDERED.

DATED:  September 21, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE