UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clearview Enterprises, LLC, | No. 2:22-cv-01119-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Elizabeth Raquel Beauvil et al., | |
| Defendants. | |

Clearview Enterprises, LLC, claims defendants Elizabeth Raquel Beauvil, Global Empire Holdings, Lawrence Albano, and Chelsea Jones defrauded it by selling Clearview fake leads for making case referrals to law firms.  Albano and Global now move to amend their answer to add affirmative defenses and add crossclaims against Beauvil and against newly joined defendants. For the reasons stated below, the court **grants** the motion and sua sponte amends the scheduling order.

## I.    BACKGROUND

Clearview Enterprises is a California-based limited liability company that markets referrals to lawyers, chiefly for mass tort litigation.  *See* Compl. ¶ 8, ECF No. 1.  As alleged in the operative complaint, in 2021, Clearview began a relationship with Albano and Global to acquire leads.  *Id.* ¶ 9.  Over the course of their business relationship, Clearview paid Global roughly $1.5 million for leads.  *Id.* ¶ 23.  By early 2022, Clearview realized the leads Global had provided were

1    fake and demanded a refund.  *Id.* ¶ 22.  Albano refunded Clearview just under $500,000.  *Id.* ¶ 22.

2    The other million was in the hands of Beauvil, identified in the complaint as a "Team Leader,"

3    who refused to refund any money.  *Id.* ¶¶ 22, 24.  Clearview filed suit in this court in June 2022,

4    alleging Beauvil, Global, Albano, and another employee of Global, Chelsea Jones, defrauded it

5    by providing fake leads.  *See generally id.*

6         Nicholas Webb initially represented all defendants but moved to withdraw from the case

7    in August 2023, declaring that while preparing defendants for depositions, he became aware of

8    conflicts of interest posed by representing defendants concurrently.  *See* Mot. Withdraw as

9    Counsel at 2, ECF No. 29.  The court granted the motion.  *See* Order (Sept. 25, 2023),

10   ECF No. 35.  A new attorney—Anthony Chalifoux, *see* Stip. (Dec. 5, 2024), ECF No. 53—now

11   represents Global and Albano while Beauvil proceeds pro se, *see* ECF No. 40.  On November 2,

12   2023, the court issued a scheduling order declaring parties could not amend their pleadings or join

13   additional parties after May 15, 2024, without leave of court and good cause having been shown.

14   ECF No. 40 (citing Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

15   609–10 (9th Cir. 1992)).

16        On October 11, 2024, Global and Albano moved to amend their answer.  Mot., ECF

17   No. 45.  They seek to add affirmative defenses and crossclaims against Beauvil.  *See generally id.*

18   Global and Albano also seek to add two defendants to the crossclaims, Tanpri Media and Roes

19   1–25.  *See id.* Ex. B. at 43.  Global and Albano claim they had an oral contract with Beauvil and

20   Tanpri Media—where Beauvil served as CEO—for Beauvil to provide referrals to Global.  *Id.*

21   ¶ 15.  As alleged in the proposed crossclaims, the referrals Beauvil provided were fraudulent;

22   Global and Albano passed them on to Clearview Enterprises, sparking this litigation.  *See*

23   *generally id.*  Clearview Enterprises does not oppose the amended complaint provided in part that

24   Global and Albano "use their best efforts to be ready for trial by September 2025."  Stip. at 2.

25   Beauvil has not responded to the motion and the court has recently ordered her to update her

26   address with the court by March 10, 2025.  *See* Mail Returned (Jan. 8, 2025).

27   /////

2

## II.    ANALYSIS

Parties can only modify a scheduling order upon a showing of good cause.  Fed. R. Civ. P. 16(b).  "The good cause standard primarily considers the diligence of the party seeking the amendment." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (internal marks and citations omitted).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (internal marks and citations omitted).  "Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment [is] proper." *Kang v. Nationstar Mortg., LLC*, No. C23-5106, 2024 WL 2274316, at *1 (W.D. Wash. May 20, 2024) (quoting *Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (alterations in original)).  A court may also amend the scheduling order sua sponte.  *See Martins v. Josephson*, No. 18-1731, 2022 WL 16924109, at *2 (S.D. Cal. Nov. 13, 2022) (collecting authority).

Under Rule 15(a)(2) courts  may grant litigants leave to amend "when justice so requires." Courts may deny leave to amend only when they find the litigants have engaged in undue delay, are attempting to amend in bad faith, have repeatedly failed to cure deficiencies in their pleadings, would unduly prejudice other parties to the litigation, or when their proposed amendments would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Under Rule 20, a court may allow the permissive joinder of defendants provided the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2).  Under Rule 13(g), a party may make a crossclaim against another party if the "claim arises out of the transaction or occurrence that is the subject matter of the original action . . . ."  Fed. R. Civ. P. 13(g).  Under Rule 13(h), additional parties may be joined to a crossclaim provided Rule 19 or Rule 20 is satisfied.  Fed. R. Civ. P. 13(h).

Albano and Global provide three reasons for the court to find good cause to allow them to amend their answer and file a crossclaim: (1) in discovery they identified new affirmative defenses and had potential crossclaims against Beauvil, *see* Mot. at 6–8, (2) their proposed

1    amendments are late because they spent a considerable amount of time attempting to settle with

2    Clearview and have tried unsuccessfully to contact Beauvil, *see id.* at 7, and (3) Beauvil and the

3    newly joined defendants will not be prejudiced because the case is still in its infancy, and they

4    will have time to engage in discovery, *see id.* at 8–9.

5         The court finds Albano and Global's first two reasons persuasive in showing their

6    diligence under Rule 16 and the court finds the proposed crossclaims arise out of the same

7    transaction as the subject matter of the original action, satisfying both Rule 13(g) and Rule 20.

8    Because Rule 20 is satisfied, the court finds Rule 13(h) is also satisfied.  Tanpri Media may be

9    added to Albano and Global's crossclaim.  The court will also add the Roe defendants and Global

10   and Albano will have an opportunity through discovery to identify them.  *See Gillespie v.*

11   *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss such unnamed defendants

12   if, absent good cause, they are not served within 90 days of the filing of the amended answer and

13   added crossclaim.  *See* Fed. R. Civ. P. 4(m).  The court also finds Rule 15 is satisfied because

14   Global and Albano do not appear to be acting in bad faith, have not repeatedly failed to cure

15   defects in their pleadings, and present plausible crossclaims and affirmative defenses.  Further, to

16   avoid prejudice to Beauvil and the newly joined defendants, the court sua sponte amends the

17   scheduling order to allow for additional time for discovery and for the filing of dispositive

18   motions.

19   **III.    CONCLUSION**

20        • Global and Albano's motion to amend their answer and add crossclaims is

21             **granted**.  Albano and Global are instructed to file their amended pleading within **7**

22             **days**.

23        • In light of this order, the court modifies the scheduling order as follows:

24             ○ Fact discovery shall be completed by 5/15/2025;

25             ○ Expert disclosures shall be completed by 6/17/2025;

26             ○ Rebuttal expert witnesses shall be exchanged by 7/15/2025;

27             ○ All expert discovery shall be completed by 8/15/2025; and

28   /////

1          o   All dispositive motions, except for motions for continuances, temporary

2               restraining orders or other emergency applications, shall be filed by

3               10/15/2025, and noticed for a hearing on the earliest available law and

4               motion date in accordance with Local Rule 302(c).  Except as otherwise

5               provided in this Order, no further joinder of parties or amendments to

6               pleadings is permitted without leave of court, good cause having been

7               shown.  *See* Fed. R. Civ. P 16(b); *Johnson v. Mammoth Recreations, Inc.*,

8               975 F.2d 604, 609–10 (9th Cir. 1992).

9        This order resolves ECF No. 45.

10       IT IS SO ORDERED.

11   DATED:  March 5, 2025.

12   _____
            UNITED STATES DISTRICT JUDGE